[Cite as *GSL Invests. I., L.L.C. v. Bella Nails & Spa, L.L.C.*, 2026-Ohio-2858.]


IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| GSL INVESTMENTS I, LLC, | : | CASE NO. CA2025-09-108 |
| Appellee, | : | |
| | : | OPINION AND JUDGMENT ENTRY 7/27/2026 |
| vs. | : | |
| BELLA NAILS & SPA, LLC, et al., | : | |
| Appellants. | : | |
| | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2024 02 0451


Dressman Benzinger LaVelle, and Thomas P. Doyle, for appellee.

Dung Quoc Nguyen, pro se.


## O P I N I O N


**HENDRICKSON, J.**

{¶ 1} Pro se appellant, Dung Quoc Nguyen, appeals from a decision of the Butler County Court of Common Pleas granting summary judgment to appellee, GSL Investments I, LLC, on the breach of contract and indemnification claims it brought

against Nguyen and Bella Nails & Spa, LLC (collectively, "defendants"). For the reasons set forth below, we affirm the decision of the trial court.

## I. FACTS & PROCEDURAL HISTORY

### A. The Parties & Original Lease Agreement

{¶ 2} GSL Investments owns a multi-unit retail shopping center on Princeton Glendale Road in West Chester, Butler County, Ohio, known as the West Chester Village Retail Center ("Shopping Center"). On November 1, 2019, GSL Investments entered into an agreement to lease to the defendants one of the units in the Shopping Center, a 3,126-square foot unit with the address of 8179 Princeton Glendale Road, Suite E ("the leased premises"). The commercial lease agreement ("Lease Agreement") identified "Bella Nails Spa, Dung Quoc Nguyen (Kevin)" as the "Tenant" and GSL Investments as the "Landlord." The lease was signed by Nguyen as "Owner." Nguyen also signed a Guaranty of Lease ("Guaranty") on November 1, 2019, wherein Nguyen was identified as a "Guarantor" who would, on demand, "perform the covenants and obligations of the Lease," including payment of all sums due to GSL Investments, upon the Tenant's default under the terms of the Lease Agreement.

{¶ 3} The Lease Agreement was for a 120-month term and was set to expire on October 31, 2030. The Lease Agreement provided that the Tenant would pay monthly base rent, operating expense rent for the care and maintenance of common areas, late fees and interest on rent not timely paid, and attorney fees upon default. Base rent was to be paid according to the following schedule:

| Period (Lease Year) | Annual Base Rent | Monthly Base Rent |
|---|---|---|
| Months after 1-6 Commencement Date | 0.00 | 0.00 |
| Months 7 – 60 Year's 1-5 | $39,856.50 | $3,321.37 |
| Months 61-83 | $41,419.50 | $3,451.62 |
| Months 84-96 | $42,982.50 | $3,581.87 |
| Months 97-109 | $44,545.50 | $3,712.12 |
| Months 110-120 | $46,108.50 | $3,842.37 |

Operating expense rent for common area maintenance (CAM) was set at $1,432.75 for the first 60 months, with the "CAM Expense to be adjusted after the initial 60 months (5 years)." Pursuant to Section 21.2 of the Lease Agreement, a tenant defaulted and breached the Lease Agreement where the "Tenant fails to pay any monthly Base Rent or Operating Expense Rent, if applicable, as and when the same becomes due and payable, and such failure continues for more than five (5) days."

{¶ 4} Section 22 of the Lease Agreement set forth the landlord's remedies upon default. This provision provided, in relevant part, as follows.

**22. REMEDIES OF LANDLORD UPON DEFAULT**
22.1 <u>Termination</u>. Upon the occurrence of an Event of Default under this Lease by Tenant, Landlord may, at its option, terminate the Lease and repossess the Premises pursuant to the laws of the State in which the Shopping Center is located and recover from Tenant as damages:

(a) the unpaid Rent and other amounts due at the time of termination plus interest thereon at the maximum lawful rate per annum from the due date until paid;

(b) the present value of the balance of the Rent for the remainder of the Term after termination less the present value of the fair market value rental of the Premises for said period (both determined by applying a discount rate of the Wall Street Journal Prime Rate); and

(c) any other amount necessary to compensate Landlord for all detriment proximately caused by Tenant's failure to perform its obligations under the Lease or which in the ordinary course of things would be likely to result therefrom, without limitation, the cost of recovering the Premises.

{¶ 5} Pursuant to Section 26 of the Lease Agreement, attorney fees were recoverable by the parties as follows:

**26. ATTORNEYS' FEES:** In the event Tenant defaults in the performance of any of the terms, covenants, agreements or conditions contained in this Lease and Landlord places the enforcement of this Lease or the collection of any Rent due or to become due hereunder or recovery of the possession of the Premises in the hands of an attorney, Tenant agrees to pay Landlord reasonable attorneys' fees and costs. If there is any legal action or proceeding between Landlord and Tenant to enforce any provision of this Lease or to protect or establish any right or remedy of either Landlord or Tenant hereunder, the unsuccessful party to such action or proceeding will pay to the prevailing party all costs and expenses, including reasonable attorneys' fees at all tribunal levels (including allocated costs of Landlord's in-house attorney), incurred by such prevailing party in such action or proceeding and in any appearance in connection therewith, and if such prevailing party recovers a judgment in any such action, proceeding or appeal, such costs, expenses and attorneys' fees will be determined by the court handling the proceeding and will be included in and as part of such judgment.

### B. First Amendment to the Lease

{¶ 6} On February 17, 2021, the Lease Agreement was amended by the parties ("First Amendment to the Lease") to modify the minimum annual rent for the leased premises.[1] The First Amendment to the Lease provided the following regarding annual rent of the premises:

---

1. The First Amendment to Lease identified the tenant as "Bella Nails Spa, Dung Quoc Nguyen (Kevin), LLC, an Ohio limited liability company." Nguyen signed on behalf of the tenant "Bella Nails Spa, Dung Quoc Nguyen, an Ohio limited liability company" as the "owner."

**1. Minimum Annual Rental.** Beginning on March 1, 2021, the Minimum Annual Rental for the Premises shall be the following amounts for the following periods of time (plus the cost of utilities per the Lease):

| Period | $/SF | Monthly |
|---|---|---|
| 3/01/2021 – 12/31/2021 | $14.50 | $3,777.25 |
| 1/01/2022 – 12/31/2024 | $15.00 | $3,907.50 |
| 1/01/2025 – 12/31/2028 | $16.00 | $4,168.00 |
| 1/01/2029 – 10/31/2030 | $17.00 | $4,428.50 |

The First Amendment to the Lease provided that "Tenant shall continue to pay Tenant's Pro Rata Share of Common Area Operating Costs, Insurance, and Taxes, pursuant to the Lease."

**C. Second Amendment to the Lease**

{¶ 7}   On December 15, 2022, the parties entered into another amendment to the Lease Agreement, the "Second Amendment to the Lease."[2] This amendment abated, or froze, base rent and CAM for six months, and provided, in relevant part, as follows:

**1. Minimum Annual Rental.** Beginning on January 1, 2023, Rent and CAM will be abated (frozen) for 6 months from January 2023 thru June 2023 resuming July 1, 2023, the Minimum Annual Rental for the Premises shall be the following amounts for the following periods of time (plus the cost of utilities per the Lease):

| Period | $/SF | Monthly |
|---|---|---|
| 01/01/2023 – 06/30/2023 | $0.00 | $0.00 |
| 7/01/2023 – 6/30/2028 | $16.00 | $4,298.25 |
| 7/01/2028 – 10/31/2030 | $18.00 | $4,689.00 |

The Second Amendment to the Lease further provided that "[t]hroughout the Extension Term, Tenant shall continue to pay Tenant's Pro Rata Share of Common Area Operating Costs, Insurance, and Taxes, pursuant to the Lease."

---

2. The Second Amendment to Lease identified the tenant as "Bella Nails Spa, Dung Quoc Nguyen (Kevin), LLC, an Ohio Corporation limited liability company." Nguyen signed on behalf of the tenant "Bella Nails Spa, an Ohio limited liability company" as the "owner."

**D. Default Alleged & Lawsuit Filed**

{¶ 8} On February 29, 2024, GSL Investments filed suit against Bella Nails & Spa, LLC and Nguyen for their failure to fulfill payment obligations under the Lease Agreement and Guaranty. GSL Investments set forth claims for breach of contract and indemnification, alleging that defendants defaulted on the lease by failing to pay rent, operating expense rent, and other fees due under the lease. GSL Investments indicated it had "accelerated all Rent and Operating Costs for the remainder of the term of the Lease" given the defendants' default. GSL Investments stated it had "made a demand on [d]efendants, but . . . [d]efendants have failed and refused to pay the amounts due." GSL Investments further alleged that Nguyen, as Guarantor, was "jointly, severally, and personally liable." Finally, with respect to its indemnification claim, GSL Investments alleged that Bella Nails & Spa, LLC and Nguyen had agreed pursuant to the terms of the Lease Agreement to indemnify it for "all costs incurred . . . as a result of [d]efendants' failure to perform its covenants under the Lease, including, without limitation, attorneys' fees." GSL Investments attached to its complaint copies of the Lease Agreement, Guaranty of Lease, First Amendment to the Lease, and Second Amendment to the Lease.

{¶ 9} Defendants failed to file a timely answer. On April 9, 2024, counsel entered an appearance for "Defendants, Bella Nails & Spa, LLC, and Dung Quoc Nguyen" and requested leave to file an answer out of time. On May 10, 2024, after being granted leave, defendants, through counsel, filed an answer denying the allegations in the complaint and asserting several affirmative defenses. On June 28, 2024, defendants' counsel moved to withdraw as their attorney due to irreconcilable differences and a breakdown in communication. The trial court granted defendants' counsel's motion to withdraw on July 25, 2024. The court subsequently issued a pretrial scheduling order providing, among

other things, that motions for summary judgments were to be filed in the case by February 19, 2025.

{¶ 10} Following counsel's withdrawal, Nguyen proceeded pro se and attempted to file various pleadings and motions on behalf of himself and Bella Nails & Spa, LLC. However, these filings were stricken by the trial court, who noted that where a defendant is a corporate entity, it could only appear in a lawsuit through a licensed attorney. As Nguyen was a non-attorney, he was not permitted to file pleadings or motions on behalf of Bella Nails & Spa, LLC.[3] On January 9, 2025, the court ordered Nguyen "to make no further filings or pleadings on behalf of Bella Nails & Spa LLC in this matter without proof of good standing with the Ohio Supreme Court." When Nguyen continued to file motions and pleadings on behalf of Bella Nails & Spa, LLC, the court struck those too, stating in a January 14, 2025 entry

> Nguyen, a non attorney, signed all . . . pleading[s] on behalf of Bella Nails. Nguyen did not provide an attorney number, and did not appear in a search with the Ohio Supreme Court.
>
> Because all of the pleadings on behalf of the defendant LLC were not filed by a licensed attorney, the motions are HEREBY STRICKEN.[4]

Nguyen eventually moved to disqualify the trial court judge. However, in mid-March 2025, the Ohio Supreme Court denied Nguyen's application for disqualification.

---

3. On September 16, 2024, Nguyen attempted to file an Amended Complaint and Emergency Motion for Injunctive Relief on behalf of himself and Bell Nails. This filing was struck by the trial court on November 8, 2024. Nguyen later attempted to file an Emergency Motion for Injunction to Halt Evictions, Financial Manipulations, and Misconduct (filed November 21, 2024), a Comprehensive Motion for Sanctions and Restitution (filed November 26, 2024), and a Comprehensive Motion for Clarification, Extension of Time [to] Disclose Witnesses, and Emergency Hearing (filed January 7, 2025), all of which were struck by the trial court on January 9, 2025.

4. On January 14, 2025, the trial court struck Nguyen's Motion for Clarification and Reconsideration of January 9, 2025 Entry (filed January 10, 2025) and his Motion for Clarification, Recusal, and Immediate Ruling on the Legality of [the] Landlord's Actions (filed January 13, 2025).

{¶ 11} On May 28, 2025, Nguyen filed an Emergency Motion for ADA Accommodation, Public Health Considerations, and Extension of Time. Nguyen asserted in his motion that he suffered from chronic contact dermatitis, Hepatitis B, and PTSD "which have substantially impaired his ability to participate in the case." Among other things, Nguyen sought a 30-day extension of all litigation deadlines, including those in the pretrial scheduling order. On June 2, 2025, the trial court journalized an amended pretrial scheduling order, extending all deadlines. The summary judgment deadline was extended to September 5, 2025. Nguyen continued to file various motions with the court, including a June 23, 2025 Judicial Clarification Motion—Duty to Act Over Federal SBA Property Conversion.

{¶ 12} On August 7, 2025, GSL Investments moved for summary judgment on its breach of contract and indemnification claims against Nguyen and Bella Nails & Spa, LLC. GSL Investments supported its motion for summary judgment with an affidavit from Andrew Smith, the Principal of GSL Investments. In his affidavit, Smith indicated that defendants had been in default of the Lease Agreement since February 21, 2024, having failed to pay base rent and operating rent as agreed to in the Second Amendment to the Lease. As a result of defendants' default, on August 15, 2024, GSL Investments terminated the Lease Agreement. Smith averred that on that date, the locks were changed on the leased premises, GSL Investments posted a Lease Termination Notice at the leased premises and mailed the Lease Termination Notice via certified mail to Bella Nails & Spa, LLC and Nguyen at the addresses provided in the lease. The August 15, 2024 Lease Termination Notice provided a phone number for the defendants to call to arrange collection of the personal property left behind at the leased premises and provided that any property not collected within 30 days would be considered abandoned.

{¶ 13} Smith averred that a Second Lease Termination Notice was posted at the leased premises and sent via certified mail to Bella Nails & Spa, LLC and Nguyen on September 9, 2024. In the Second Lease Termination Notice, GSL Investments extended the date for defendants to remove their personal property until September 27, 2024. After defendants failed to respond to either of the lease termination notices and failed to remove their property from the leased premises, GSL Investments paid Advanced Concepts, Inc. $3,000 to have the defendants' furnishings, equipment, and inventory removed.

{¶ 14} Smith averred that defendants owed GSL Investments $104,295.80 in overdue rent and fees as of the August 15, 2024 termination of the lease; $3,000 in clean-out costs; $12,416.92 in prejudgment statutory interest, with postjudgment interest continuing to accrue at an annual rate of 8 percent ($8,583.66) or monthly at 0.67 percent ($718.88), until paid in full; $12,010.52 in attorneys' fees; and $416.00 in court costs. Incorporated and attached to Smith's affidavit were copies of the Lease Agreement, Guaranty of Lease, First Amendment to the Lease, Second Amendment to the Lease, the August 15, 2024 Lease Termination Notice, the September 9, 2024 Second Lease Termination Notice, the invoice from Advanced Concepts, Inc. for cleanup of the leased premises, and a court cost sheet.

{¶ 15} Defendants did not respond to GSL Investments' motion for summary judgment. On September 4, 2025, the trial court granted GSL Investments' motion for summary judgment and rendered judgment in favor of GSL Investments and against Nguyen and Bella Nails & Spa, LLC in the sum of $132,139.24. The court ordered that "Defendants will continue to owe [GSL Investments] post-judgment interest accruing at an annual interest rate of 8% . . . until paid in full, plus attorneys' fees and court filing fees expended in the collection of the debt, until paid in full."

{¶ 16} Nguyen appealed, raising five assignments of error. We begin by addressing Nguyen's third assignment of error.

## II. ANALYSIS

### A. "Pro Se Rights" and Pending Motions

{¶ 17} Assignment of Error No. 3:

{¶ 18} THE TRIAL COURT VIOLATED APPELLANT'S PRO SE RIGHTS AND DENIED ADA ACCOMMODATION.

{¶ 19} In his third assignment of error Nguyen argues the trial court violated his "pro se rights" by striking the various motions and filings he made prior to GSL Investments moving for summary judgment. He further argues the trial court erred by ignoring his May 28, 2025 Emergency Motion for ADA Accommodation and his June 23, 2025 Judicial Clarification Motion before ruling on GSL Investments' motion for summary judgment. Nguyen maintains the court's actions "silenced [him] completely." We find no merit to Nguyen's arguments.

### 1. Filings Appropriately Stricken

{¶ 20} The record reflects that the trial court struck the following filings from the record:

- Amended Complaint and Emergency Motion for Injunctive Relief (filed September 16, 2024);
- Emergency Motion for Injunction to Halt Evictions, Financial Manipulations, and Misconduct (filed November 21, 2024);
- Comprehensive Motion for Sanctions and Restitution (filed November 26, 2024);
- Comprehensive Motion for Clarification, Extension of Time [to] Disclose Witnesses, and Emergency Hearing (filed January 7 2025);
- Motion for Clarification and Reconsideration of January 9, 2025 Entry (filed January 10, 2025); and
- Motion for Clarification, Recusal, and Immediate Ruling on the Legality of [the] Landlord's Actions (filed January 13, 2025).

In each instance, the filings were struck as Nguyen was attempting to file on behalf of Bella Nails & Spa, LLC. While "Ohio law recognizes that a person has an inherent right to proceed pro se in any court, . . . the right only applies to that person." *Abdusamatova v. Abdulhakov*, 2024-Ohio-2533, ¶ 7 (12th Dist.), citing *State v. Block*, 2007-Ohio-1979, ¶ 4 (8th Dist.). "[A] limited-liability company exists as a separate legal entity . . . and may be represented in court only by a licensed attorney." *Disciplinary Counsel v. Kafele*, 2006-Ohio-904, ¶ 18. R.C. 1706.01(K). "'[A] corporation cannot maintain litigation *in propria persona*, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law.'" (Emphasis sic.) *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd of Revision*, 1999-Ohio-449, ¶ 7, quoting *Union Sav. Assn. v. Home Owners Aid, Inc.*, 23 Ohio St.2d 60 (1970), syllabus

{¶ 21} Nguyen contends that GSL Investments created a "phantom" limited liability company by naming Bella Nails & Spa, LLC as a defendant in the action and that the Lease Agreement and subsequent amendments to the Lease Agreement were not with the limited liability company Bella Nails & Spa, LLC. Rather, he argues, the Lease Agreement was with him personally, doing business as "Bella Nails Spa." We find no merit to Nguyen's arguments.

{¶ 22} While the November 1, 2019 Lease Agreement identified "Bella Nails Spa"—and not "Bella Nails & Spa, LLC"—as the tenant, the lease provided that "Bella Nails Spa" was a "Trade Name" and that Nguyen was a "Guarantor." Both the First Amendment to the Lease and the Second Amendment to the lease identified "Bella Nails Spa, Dung Quoc Nguyen (Kevin), LLC, an Ohio limited liability company" as the tenant and contained signature lines listing "Bella Nails Spa, Dung Quoc Nguyen" as "an Ohio limited liability company." These two amendments to the Lease Agreement remove any

uncertainty as to the identity and status of a limited liability company being the lessee/tenant. *See also Koudela v. Johnson & Johnson Custom Builders, L.L.C.*, 2017-Ohio-9331, ¶ 13 (11th Dist.) (noting that "[t]here is no legal authority that a limited liability company must always use the LLC designation on its corporate documents in order for a contract with that company to be valid"). Furthermore, the defendants' former counsel expressly identified "Bella Nails & Spa, LLC" and Nguyen as the parties' appearing to answer the allegations set forth in GSL Investments' complaint. Bella Nails & Spa, LLC, therefore, is a proper party to the action and, as a limited liability company, "may be represented in court only by a licensed attorney." *Kafele*, 2006-Ohio-904, at ¶ 18. The trial court appropriately struck the filings Nguyen attempted to file on behalf of the defendant-limited liability company.[5]

### 2. Motion for ADA Accommodations

{¶ 23} Nguyen argues the trial court violated his rights by ignoring his motion for ADA accommodations before ruling on his motion for summary judgment. We find no merit to this argument. In general, "there is no rule of law requiring that a trial court expressly rule on every pretrial motion before it." *N. Star Med. Research, L.L.C. v. Kozlovich*, 2025-Ohio-5410, ¶ 26 (8th Dist.); *Omerza v. Bryant & Stratton*, 2007-Ohio-5216, ¶ 21 (11th Dist.). This includes motions for ADA accommodations. *See Hunter-Bey v. Cleveland Law Dept.*, 2026-Ohio-1869, ¶ 7-15 (8th Dist.). "[W]hen a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it." *State ex rel. The V Cos. v. Marshall*, 1998-Ohio-329, ¶ 10.

---

5. To the extent that Nguyen's appellate brief attempts to raise arguments on behalf of Bella Nails & Spa, LLC, we find those arguments are not properly before us. As Nguyen is not a licensed attorney in the State of Ohio, he cannot represent or present arguments on behalf of a limited liability company. Our Opinion is limited to addressing the arguments and assignments of error Nguyen raised in his individual capacity.

{¶ 24} Nguyen's May 28, 2025 Emergency Motion for ADA Accommodation, Public Health Considerations, and Extension of Time asserted that he suffered from chronic contact dermatitis, Hepatitis B, chronic musculoskeletal pain and physical limitations, and PTSD, which "impaired his ability to participate in this case." Nguyen sought the following relief in his motion:

> 1. A 30-day extension of the Pretrial [Scheduling] Statement and all other litigation deadlines;
>
> 2. Recognition of [his] ADA status and permission to appear remotely or delay deadlines as medically necessary;
>
> 3. Permission to file unsealed exhibits (already publicly referenced in prior filings) supporting this motion; and
>
> 4, That the Court stop penalizing ADA-protected litigants for procedural missteps when medical conditions interfere with full participation.

{¶ 25} Though the trial court did not expressly rule on Nguyen's motion and it is therefore presumed denied, the record nonetheless reflects that just five days after the motion was filed, on June 2, 2025, the court issued an amended pretrial scheduling order that extended all litigation deadlines. Once GSL Investments filed its motion for summary judgment, Nguyen took no further action. He did not seek an extension of time to file a memorandum in opposition to summary judgment due to medical necessity or otherwise indicate additional time was needed to respond to the motion. There is also no indication in the record that he reached out to the ADA Coordinator for the Butler County Court of Common Pleas for assistance. Given the record before us, we find that the trial court did not err or otherwise abuse its discretion by failing to specifically rule on Nguyen's motion for ADA accommodations prior to ruling on GSL Investments' motion for summary judgment. *See Hunter-Bey* at ¶ 12.

### 3. Motion for Judicial Clarification

{¶ 26} Finally, we find that the trial court did not err in its handling of Nguyen's June 23, 2025 Judicial Clarification Motion—Duty to Act Over Federal SBA Property Conversion. Because the trial court did not expressly rule on the motion before entering summary judgment to GSL Investments, the motion is presumed denied. *See Marshall*, 1998-Ohio-329, at ¶ 10. We find the trial court acted within its discretion in denying the motion.

{¶ 27} In the Judicial Clarification Motion, Nguyen claimed improvements had been made to the leased premises by defendants with SBA loan proceeds, defendants had been locked out of the premises with equipment/furnishings remaining inside, and that a new tenant was occupying the premises. Nguyen asked the trial court to clarify, among other things, whether the lockout was legal, whether the property defendants' left behind at the leased premises had been disposed of, and whether GSL Investments' actions amounted to property conversion. Nguyen's Judicial Clarification Motion therefore essentially sought affirmative and declaratory relief on causes of actions that had never been pled. Nguyen had not filed a counterclaim asserting any cause of action or seeking declaratory relief against GSL Investment. There was nothing for the trial court to "clarify" and we find no error or abuse in the trial court's denial of the Judicial Clarification Motion.

{¶ 28} Accordingly, we find Nguyen's arguments to be without merit, and we overrule his third assignment of error.

### B. Jurisdictional Challenge

{¶ 29} Assignment of Error No. 1:

{¶ 30} THE TRIAL COURT LACKED JURISDICTION BECAUSE APPELLEE NAMED A PHANTOM LLC NOT PARTY TO THE LEASE.

{¶ 31} In his first assignment of error, Nguyen argues any judgment in favor of GSL Investments against Bella Nails & Spa, LLC is invalid and should be "voided." Nguyen contends that Bella Nails & Spa, LLC is a "phantom LLC" over which jurisdiction never attached as "service on a phantom party is void."

{¶ 32} For the reasons previously discussed, Bella Nails & Spa, LLC is not a "phantom LLC." It is a named defendant to the action. Records from the Ohio Secretary of State's website indicate Bella Nails & Spa, LLC is a valid and active entity in the State of Ohio as of July 23, 2014, with Nguyen listed as a registered agent.[6] Any claims that service on Bella Nails & Spa, LLC was improper or insufficient to invoke personal jurisdiction are deemed waived. Where "'a defendant files an answer without raising the defense of personal jurisdiction, then he or she has waived personal jurisdiction and voluntarily assented to the jurisdiction of the court.'" *Fifth Third Bank v. Bolera*, 2017-Ohio-9091, ¶ 15 (12th Dist.), quoting *Snyder Computer Sys., Inc. v. Stives*, 2008-Ohio-1192, ¶ 15 (7th Dist.). As the May 10, 2024 answer filed by defendants failed to set forth a defense of lack of jurisdiction over the person, the defense is deemed waived. *See* Civ.R. 12(H)(1).

{¶ 33} To the extent that Nguyen is arguing Bella Nails & Spa, LLC is not the correct party—that a distinct, albeit similarly named entity, is the defendant that should have been named in the lawsuit—"this would not obviate the fact that the [trial] court nevertheless had jurisdiction over all persons named in the complaint," including Bella Nails & Spa, LLC. *See Deutsche Bank Trust Co. v. Pearlman*, 2005-Ohio-3545, ¶ 17 (9th Dist.). Bella Nails & Spa, LLC submitted to the jurisdiction of the court when it filed an

---

6. We have taken judicial notice of the public business records accessible from the Ohio Secretary of State's website regarding Bella Nails & Spa, LLC's limited liability status and the appointment of Nguyen as its agent. *See Johnson v. Johnson*, 2024-Ohio-5663, ¶ 10 (10th Dist.) (taking judicial notice of a corporation's registration status with the Ohio Secretary of State); *Harris v. Sunsong Holdings, Inc.*, 2021-Ohio-1213, ¶ 2, fn. 1 (2d Dist.) (same).

answer in the case. The court, therefore, "had jurisdiction to enter some sort of judgment with respect" to the entity. *Id.*

{¶ 34} Nguyen's first assignment of error is overruled.

**C. Challenges to Summary Judgment**

{¶ 35} Nguyen's three remaining assignments of error challenge the trial court's decision to award summary judgment to GSL Investments.

{¶ 36} Assignment of Error No. 2:

{¶ 37} THE TRIAL COURT RELIED ON NOTARIZATION-DEFECTIVE INSTRUMENTS THAT ARE VOID UNDER OHIO LAW.

{¶ 38} Assignment of Error No. 4:

{¶ 39} THE TRIAL COURT SANCTIONED UNLAWFUL SELF-HELP EVICTION AND CONFESSED IT IN ITS OWN ORDER.

{¶ 40} Assignment of Error No. 5:

{¶ 41} THE COMBINED DEFECTS—PHANTOM CAPTION AND DEFECTIVE NOTARIZATIONS—RENDER THE CASE VOID AB INITIO.

{¶ 42} In these three assignments of error, Nguyen argues that summary judgment was improper and should be "voided" because the trial court (1) erred by relying on Smith's affidavit, the Lease Agreement, the First Amendment to the Lease, and the Second Amendment to the Lease where such documents "lacked required jurats and were never recorded"; (2) erred by granting summary judgment when GSL Investment wrongfully locked defendants out of the leased premises and committed fraud on the court by "allow[ing] a phantom [case] caption to stand and notarization-defective instruments to be accepted"; and (3) erred by entering judgment in favor of GSL given the combined errors of allowing a phantom LLC and defective-notarization evidence.

## 1. Summary Judgment Standard

{¶ 43} "An appellate court's examination of a trial court's decision to grant summary judgment is subject to de novo review." *French v. New Paris*, 2011-Ohio-1309, ¶ 17 (12th Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). De novo review means that this court uses the same standard that the trial court should have used and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial. *Morris v. Dobbins Nursing Home*, 2011-Ohio-3014, ¶ 14 (12th Dist.).

{¶ 44} Civ.R. 56 sets forth the summary judgment standard. "Pursuant to that rule, a court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party." *Spitzer v. Frisch's Restaurants, Inc.*, 2021-Ohio-1913, ¶ 6 (12th Dist.), citing *BAC Home Loans Servicing, L.P. v. Kolenich*, 2011-Ohio-3345, ¶ 17 (12th Dist.). "A material fact is one which would affect the outcome of the suit under the applicable substantive law." *Hillstreet Fund III, L.P. v. Bloom*, 2010-Ohio-2961, ¶ 9 (12th Dist.), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

{¶ 45} The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Touhey v. Ed's Tree & Turf, LLC*, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is met, the nonmoving party "'must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings.'" *Oliphant v. AWP, Inc.*, 2020-Ohio-229, ¶ 31 (12th Dist.), quoting *Deutsche Bank Natl. Trust Co. v. Sexton*, 2010-Ohio-4802, ¶ 7 (12th Dist.). "Summary judgment is proper if the nonmoving party fails to set forth such facts." *Taylor v. Atrium Med. Ctr.*, 2019-Ohio-447, ¶ 10 (12th Dist.). "In determining

whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party." *Id*.

## 2. Effect of Nguyen's Failure to Respond

{¶ 46} We find that the arguments Nguyen seeks to assert in his second, fourth, and fifth assignments of error are forfeited for purposes of appeal as Nguyen failed to raise the arguments with the trial court. "Arguments raised for the first time on appeal will not be considered by an appellate court." *State ex rel. Martin v. McCormick*, 2026-Ohio-568, ¶ 11. The idea is that "[a] party waives the ability to argue on appeal any error which it could have called, but did not call, to the trial court's attention at a time when the trial court could have avoided or corrected that error." *Nationstar Mtge. L.L.C. v. Payne*, 2017-Ohio-513, ¶ 19 (10th Dist.). "This rule applies to motions for summary judgment; the failure to raise an argument in response to a summary-judgment motion forfeits that argument for purposes of appellate review." *McCormick* at ¶ 11. "Thus, a party's failure to file a response to a motion for summary judgment forfeits for purposes of appeal arguments that the party could have raised in the trial court." *Id.* [7] *See also Leonard v MBB Partnership*, 2016-Ohio-3534, ¶ 15 (10th Dist.) (appellant waived argument that trial court had erred in considering certain evidence attached to the moving party's motion for summary judgment where appellant failed to raise the argument before the trial court).

{¶ 47} In the present case, Nguyen did not file a response in opposition to GSL Investments' motion for summary judgment. Nguyen's argument challenging the admissibility and reliability of Smith's affidavit and certain documents attached thereto, such as the Lease Agreement, the First Amendment to the Lease, and the Second

---

7. We further find that arguments Nguyen attempted to raise for the first time during oral argument are also not properly before us. An appellant cannot advance new arguments during oral argument that were not raised and assigned as error in an appellate brief. *See In re M.G.*, 2023-Ohio-1316, ¶ 62, fn. 10 (12th Dist.); *Andreyko v. Cincinnati*, 2003-Ohio-2759, ¶ 20 (1st Dist.). Such arguments are forfeited. *Id.*

Amendment to the Lease, for failing to comply with the jurat requirements for notarization under R.C. 147.542(F), as well as arguments relating to the enforceability of the unrecorded Lease Agreement and GSL Investments' actions in terminating the lease and locking defendants out of the leased premises are issues that Nguyen could have raised in response to GSL Investments' motion for summary judgment.

{¶ 48} With respect to Smith's affidavit and the various lease documents Nguyen argues were improperly notarized and therefore subject to being stricken, Nguyen cites to case law discussing filing requirements for an affidavit of disqualification for a common pleas judge. In the cases Nguyen relies on, affidavits of disqualifications were stricken and the proceeding dismissed where the affidavits did not contain a proper jurat. *See In re Disqualification of Cook*, 2023-Ohio-4883; *In re Disqualification of Haughey*, Supreme Court Case No. 25-AP-025 (March 10, 2025) (Judgment Entry and Decision). These cases discuss R.C. 2701.03(C)(2), which provides that "[t]he clerk of the supreme court shall not accept an affidavit of disqualification presented for filing . . . if it is not timely presented for filing or does not satisfy the requirements of divisions (B)(2), (3), and (4) of this section." Division (B)(2) specifically requires "[t]he jurat of a notary public or another person authorized to administer oaths or affirmations." R.C. 2901.03(B)(2).

{¶ 49} There is no similar provision in the Revised Code as it relates to a trial court accepting summary judgment evidence. Rather, Civ.R. 56(C) sets forth the types of evidence the trial court can consider when a party files for summary judgment. A court may consider "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). "[A] party may properly introduce evidence not specifically authorized by Civ.R. 56(C) by incorporating it by reference through a properly framed affidavit pursuant to Civ.R. 56(E)." *Wilson v. AIG*, 2008-Ohio-5211, ¶ 29 (12th Dist.). The affidavit "shall be made on personal

knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated in the affidavit." Civ.R. 56(E).

{¶ 50} "'[I]t is within the trial court's discretion to consider nonconforming [Civ.R. 56(C)] evidence when there is no objection.'" *French*, 2011-Ohio-1309, at ¶ 11 (12th Dist.), quoting *Chamberlin v. Buick Youngstown, Co.*, 2003-Ohio-3486, ¶ 7 (7th Dist.). *See also Payne*, 2017-Ohio-513, at ¶ 21 (10th Dist.) ("a trial court may consider evidence not specifically listed [in Civ.R. 56(C)] if the adverse party fails to timely object to that evidence"). Further, the "failure to timely move to strike or otherwise object to non-Civ.R. 56(C) evidence waives any error arising from the trial court's consideration of that evidence." *Id.* The same is true as it relates to affidavits that fail to comply with the requirements of Civ.R. 56(E). "A trial court . . . may consider affidavits that do not comply with the Civ.R. 56(E) requirements when no timely objection to the affidavit is raised." *Id.* at ¶ 22. *See also Ogle v. Hocking Cty. Sheriff*, 2023-Ohio-1446, ¶ 36 (4th Dist.); *DelleCurti v. Fetty*, 2017-Ohio-7965, ¶ 16 (11th Dist.).

{¶ 51} In the present case, GSL Investments submitted Smith's affidavit, which incorporated various documents related to the lease agreement between GSL Investments and the defendants. Nguyen did not timely move to strike or otherwise object to the trial court's consideration of the affidavit or documents attached thereto. As such, the trial court was permitted to rely on the documents in determining whether GSL Investments was entitled to judgment as a matter of law on its claims for breach of contract and indemnification. Nguyen's arguments regarding defects in the jurat or issues with the notary's signature or oath are forfeited for purposes of appeal. *See Payne* at ¶ 18-25.

{¶ 52} Based on the evidence submitted by GSL Investments, the court was entitled to find that a contract—the Lease Agreement, as amended, and Nguyen's Guaranty—existed, that GSL Investments fulfilled its contractual obligations, that Nguyen failed to fulfill his contractual obligations following defendants' default in payment of base rent, operating expense rent, and other fees due under the lease, and that GSL Investments incurred damages as a result, including attorneys' fees, which were recoverable pursuant to the terms of the Lease Agreement. Nguyen failed to present any evidence to rebut GSL Investments' evidence. Accordingly, as Smith's affidavit and the documents attached thereto established that there was no genuine issue of material fact and that GSL Investments was entitled to judgment as a matter of law, the trial court properly entered summary judgment in favor of GSL Investments and against Nguyen. This court need not consider the arguments set forth in Nguyen's second, fourth, and fifth assignments of error as Nguyen forfeited review of the arguments by failing to respond to GSL Investments' motion for summary judgment. *See McCormick,* 2026-Ohio-568, at ¶ 11. Nguyen's second, fourth, and fifth assignments of error are, therefore, overruled.

### III. CONCLUSION

{¶ 53} Having found no merit to any of the assignments of error raised by Nguyen, we hereby affirm the trial court's decision awarding summary judgment to GSL Investments.

{¶ 54} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Mike Powell, Judge*